E-FILED
Thursday, 29 January, 2009  10:42:54 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM HENRY RANSOM,
    Plaintiff,

    vs.                                   No. 09-1017,

KEVIN LYONS,  et al.,
    Defendants

<u>MERIT REVIEW AND CASE MANAGEMENT ORDER</u>

    This cause is before the court for a merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The pro se plaintiff, William Ransom, has filed his complaint pursuant to 42 U.S.C.§ 1983 against four defendants including Peoria County States Attorney Kevin Lyons, Officer Chad Hjortshoj, Creve Coeur Police Chief Mike Burton and Peoria County Jail Administrator Robert McCoy.

    The plaintiff says on December 17, 2007, he "was picking a woman's pocket and jumped in her truck." (Comp, p. 5)   The plaintiff says as he was backing out, Officer Hjortshoj ran up with a gun drawn "and stated he was the police to get out." (Comp., p. 6).   The plaintiff says he continued to back up, and the officer fired his gun just missing the plaintiff's head.   The plaintiff says the officer then walked around and shot the window out of the truck.

    The plaintiff says when he was arrested, the bullet was found "in my left inside pocket." (Comp., p. 6).  The plaintiff does not allege any injuries in his complaint.

    The plaintiff alleges that the Police Chief said Defendant Hjortshoj, who is an auxiliary officer, should not have had a gun, but "condones his actions" and the Peoria County States Attorney called the officer "a hero." (Comp, p. 6).   The plaintiff says he tried to press charges against Defendant Hjortshoj, but the Peoria County States Attorney refused.

    The plaintiff says he is suing Jail Administrator McCoy because he was "not allowed my Trust Fund Account information nor was I allowed the law library." (Comp., p. 8).

    The plaintiff has failed to state a claim upon which relief can be granted.   First, the plaintiff appears to be alleging that Defendant Hjortshoj used excessive force.   However, by the plaintiff's own rendition of events, he was stealing a woman's car and was told by Defendant Hjortshoj that he was a police officer and to stop before any shots were fired.   In addition, the

plaintiff admits that the bullet ended up in his pocket.   The plaintiff has failed to state a violation of his constitutional rights.

Second, the fact that the Peoria County States Attorney did not agree with the plaintiff that criminal charges should be filed against the officer also fails to state a claim pursuant to §1983. Prosecutors enjoy absolute immunity when carrying out prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 427-28(1979).

Finally, the fact that the jail administrator would not allow the plaintiff information about his trust fund account or access to a law library does not rise to the level of a constitutional violation.   The plaintiff does not allege that he was denied access to his trust fund monies.  In addition, the plaintiff does not allege that he was unable to litigate some specific claim.  An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.  *Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996).

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) ** The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).**

**A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 29th day of January, 2009.

s\Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE